IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JSW STEEL (USA), INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-08-147 |
| | § | |
| AMERICAN INSURANCE SPECIALTY | § | |
| LINES INSURANCE COMPANY | § | |

### OPINION AND ORDER

Before the Court, by referral from the Honorable Gray H. Miller, United States District Judge, are several pretrial matters in this cause. Having reviewed the file and the pending matters, this Court now issues this Opinion and Order.

On June 30, 2009, Plaintiff, JSW Steel (USA), Inc. (JSW), filed a "Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge." A District Court may designate a Magistrate Judge to hear and determine non-dispositive pretrial motions, 28 U.S.C. § 636(b)(1)(A), and to hear and submit recommendations for the disposition of pretrial dispositive motions, § 636(b)(1)(B). The consent of the parties is not a requirement for such a designation. In fact, "the parties to a litigation have no power to interfere with a District Judge's statutory authority to delegate various responsibilities to Magistrates (now Magistrate Judges) as long as the delegation is within the confines of…28 U.S.C. § 636(b)." Foster v. Gloucester Cty. Bd. of Chosen Freeholders, 465 F.Supp. 293, 296 (D. N.J. 1978) Accordingly, unless Judge Miller rescinds his referral, this Court will perform all of its duties allowed by law. See Local Rule L.R. 72 (2000)

On July 1, 2009, JSW filed its response to the "Rule 12(b)(6) and Rule 9(b) Motion to Dismiss" of Defendant, American International Specialty Lines Insurance Company (AISLIC). Assuming AISLIC desires to file a reply to JSW's response, it is **ORDERED** that its reply, if any, **SHALL** be filed on or before **July 13, 2009**.

On July 1, 2009, AISLIC filed a "Motion for Protective Order" (Instrument no. 22) in an effort to stay any discovery on JSW's fraud claim until a final ruling is rendered on its Motion to Dismiss the claim which, if granted, would moot the need for any such discovery. Under the circumstances of this case, it appears that the Motion is well founded, see Landry v. Air Line Pilots Ass'n. Intern. AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990), and it is, therefore, **GRANTED**.

It is, therefore, **ORDERED** that all pending and intended discovery on JSW's fraud claim is **STAYED** pending the final resolution of AISLIC's Motion to Dismiss following which this Court **WILL**, if necessary, convene a prompt Scheduling Conference to consider an appropriate discovery deadline and any other reasonable extensions of the current Scheduling Order.

**DONE** at Galveston, Texas, this _____2nd_____ day of July, 2009.

John R. Froeschner
United States Magistrate Judge